[No. 2959.   Sept. 8, 1925.]

## CASSELL MOTOR CO. v. GONZALES.
### [238 Pac. 1070.]

#### SYLLABUS BY THE COURT

A motion to strike bill of exceptions for lack of proper notice of the settling thereof will be overruled, where objection to the sufficiency of notice is based on failure to file stenographer's transcript before giving such notice, coupled with objection to sufficiency of the transcript presented to review the error assigned, where it appears that the objecting party was present at the time and place of settling the bill, and proposed no corrections or amendments, and made no request for further time to examine the transcript on account of lack of opportunity to do so because not filed; it not appearing that the failure to file had resulted in prejudice to the movant.

Appeal from District Court, Santa Fe County; Holloman, Judge.

Action by the Cassell Motor Company against David Gonzales. Judgment for plaintiff, and defendant ap-

[1]   36 Cyc p. 1017 n. 78; p. 1028 n. 23, p. 1029 n. 25; p. 1024 n. 90. [2] 12CJ p. 891 n. 77, 78; p. 1129 n. 18, 23; p. 1130 n. 28; p. 1134 n. 39 New; p. 1147 n. 13, 15; p. 1148 n. 18; p. 1149 n. 19; 36 Cyc p. 985 n. 69; p. 986 n. 70; p. 987 n. 73; 40 Cyc p. 817 n. 85.   [3] 12CJ p. 1261 n. 89, p. 1263 n. 9.   [4] 12CJ p. 1256 n. 36.   [5] 12CJ p. 1156, n. 88, 89; p. 1157 n. 90, 91; 19CJ p. 732 n. 74, 75; 40 Cyc p. 824 n. 57.   [6] 40Cyc p. 817 n. 84; p. 820 n. 14.   [7] 40Cyc p. 821 n. 28. [8] 40 Cyc p. 818 n. 92. [9] 20CJ p. 173 n. 34; p. 174 n. 35, 36, 37, 38, 39, 40; 40Cyc p. 821 n. 26. [10] 40 Cyc p. 817 n. 87. [11] 40 Cyc p. 818 n. 88. [12] 9CJ p. 41 n. 82; 40Cyc p. 818 n. 8-. [13] 40Cyc p. 818 n. 92.   [14] 40Cyc p. 821 n. 23 New.   [15] 40Cyc p. 821 n. 24. [16] 40Cyc p. 821 n. 23 New.   [17] 40Cyc p. 821 n. 27.   [18] 40Cyc p. 823 n. 37.   [19] 12CJ p. 1262 n. 97 New.

peals. On defendant's motion to strike bill of exceptions and affirm judgment. Motion overruled.

E. P. Davies of Santa Fe, and James T. Vocelle, of Vero, Fla., for appellant.

Renehan & Gilbert, of Santa Fe, for appellee.

OPINION OF THE COURT

BICKLEY, J.   Appellant moved the court to strike the bill of exceptions and affirm the judgment upon three grounds. In the view we take of the matter, it is only necessary to consider the first two, which are:

(1) That no legal or proper notice was given counsel for appellee of the intention of appellant to apply for an order settling the bill of exceptions herein, in that the only notice given specified that the stenographer's transcript then on file would be presented for settlement, whereas the stenographer's transcript which was presented and settled, over the objection of appellee, was only a partial transcript, which was not on file at the time of the giving of such notice, and was not filed until the day of its presentation; (2) That said partial bill of exceptions was not the one specified in the praecipe as a part of the record deemed necessary by counsel for appellant for the consideration of the questions he desired to have reviewed under the provisions of section 32, c. 43, Session Laws of 1917.

The record shows that on April 22, 1924, notice was served on counsel for appellee that on April 28th appellant would apply for an order settling as a bill of exceptions, "the stenographer's transcript * * * now on file in said cause in the office of the clerk of the above-entitled court."

The stenographer's transcript, which was settled as a bill of exceptions, was not on file at that time, nor was it filed until April 28th, when it was presented to the court for settlement.

The transcript only purports to incorporate in the record a portion of the proceedings which were called for by the praecipe filed on the 8th day of February,

1924, and which stated that the appellant was desirous
of having reviewed on appeal the action and ruling of
the trial court in eliminating from the consideration
of the jury and in refusing to permit the defendant to
establish proof of his counterclaim in the sum of $300,
as contained in paragraphs 9 and 11 of the amended
answer of the defendant to the complaint and to the
amended reply of the plaintiff, and also the refusal of
the court to grant a motion by the defendant for
mistrial of said cause or to rebuke the plaintiff's
attorney for alleged improper remarks made during
the course of his concluding remarks to the jury in
said cause, and that, for the purpose of reviewing the
action of the trial court upon the foregoing points, it
is not necessary to have all of the record or evidence
in the cause transcribed, and requested the clerk to
prepare three transcripts containing certain specified
portions of the record and of the evidence and the
proceedings and of all the evidence pertaining to the
questions above stated. The praecipe also contained a
statement that it was accompanied by three copies of
the stenographer's transcript duly certified, which the
clerk was requested to use in preparing the copies of
the bill of exceptions, as directed.

The certificate of the stenographer's notes quotes
from the written request of the attorney for the ap-
pellant made February 21, 1924, for all matters appear-
ing in her stenographic notes of the proceedings with
respect to the matters desired to be reviewed on appeal,
which matters are stated in said request substantially
as they are in the praecipe.

In the certificate of the judge who settled, signed,
and sealed the bill of exceptions on the 28th day of
April, 1924, it is declared that due and proper notice
was given to the plaintiff (appellant) by defendant
(appellee) of his intention to apply to the judge to
have such bill of exceptions sealed, signed, settled, and
allowed at the time and place of the signing and set-

tling thereof. Appellee appeared by its counsel and objected to the settlement of the proposed bill of exceptions, upon the grounds that the stenographer's transcript presented as a proposed bill of exceptions had not been filed in the office of the county clerk of Santa Fe county at the time of the giving of notice to the plaintiff of the presentation of said proposed bill of exceptions for settlement, and that said stenographer's transcript was not then on file in said clerk's office, and also that no praecipe complying with the requirements of section 32, c. 43, of the statutes of 1917, had been filed in the clerk's office, in that the praecipe so filed does not specify the portions of the record which the appellant desired to have included in the bill of exceptions, and merely refers to a stenographer's transcript, and that no such transcript had been filed, and, further, that the appellant, having filed a praecipe purporting to set forth the portions of the record and evidence which he desired to have certified to the Supreme Court, is bound by such praecipe, and that the matters and things embodied in the stenographer's transcript presented for settlement as a bill of exceptions are not specified in said praecipe.

In the brief and argument of counsel for appellee, it is urged that the five days' notice of intention to apply for an order settling the bill of exceptions is required in order to allow counsel for appellee to examine the stenographer's transcript and to be prepared to suggest to the court, at the time of its presentation, any changes or additions which should be made in order to have the bill of exceptions speak the truth, and that it should not be expected that the trial judge could himself read through and carefully check transcripts presented to him for settlement, and that the judge must, to a large extent, rely on counsel for the opposing party to call all necessary matters to his attention, and that in order for them to do so, the Legislature has provided that they shall have five days within which to examine the transcript before its presentation. We think this view is correct as to the

reason for the provision for the filing of the transcript of the stenographer's notes before the notice is given. Doubtless the proper practice is for appellant to comply strictly with the letter of the law.

It does not appear to us, however, that the record in the present case presents such a situation that the appellant should be denied the opportunity to have his cause reviewed upon the merits. The objections to the notice were technical, in that the stenographer's transcript constituting the proposed bill of exceptions referred to in the notice as being on file, had not in fact been filed at the time of the giving of the notice. No complaint was made that the proposed bill of exceptions was incorrect or deficient. No corrections were suggested by the appellee. No additional matters were sought to be added by the appellee. The statute provides for corrections and amendments and additions prior to the settling of the bill of exceptions. It is to be observed that in proceedings under section 32, in addition to the foregoing opportunities for correction of the proposed bill of exceptions, if the appellee is not satisfied with the record called for in the praecipe, he may have additional parts of the record certified by the clerk, and cause the same to be filed in the Supreme Court to be considered with the other record certified.

It appears from one of the objections that appellee's counsel did have an opportunity to examine the transcript, but for what length of time it does not appear. And it is objected that the matters and things embodied in the stenographer's transcript now presented for settlement as a bill of exceptions are not specified in the praecipe. This statement imports an examination of the stenographer's transcript and a criticism of it as being variant from the matter called for in the praecipe.

It does not appear from the record that appellee made any application to the court for a postponement of the settlement of the bill of exceptions in order to

enable it to further examine the transcript. If such an application had been made, the court, under the circumstances, would doubtless have granted such postponement, and it may be that the absence of any prejudicial lack of opportunity for examination of the transcript and the failure to request further time for an examination thereof impelled the court to overrule the objections to the sufficiency of the notice and recite that due and proper notice had been given. In the case of Hines v. Shumaker, 95 Miss. 477, 50 So. 564, the court, in considering the question of notice under a statute similar to ours, said:

"Clearly the object of the notice required by the statute is to afford the parties to the litigation an opportunity to inspect the notes and suggest corrections within the time allowed them, and to put them in default in the event they do not exercise the right to the use of the notes, for the purpose of inspection and correction, for the period prescribed by the statute. If the appellee exercised, himself or through counsel, the right to use and inspect the notes for the period allowed by the appellee under the statute, and omits to file written suggestions of corrections, the question of notice becomes just as immaterial as is the question as to whether or not process was issued and served in a suit where the defendant voluntarily appears."

In view of the fact that there is no showing that the error of the court in overruling the objection, if error it was, was prejudicial, and, in view of the fact that the objections contained both a technical objection to the sufficiency of the notice and also a challenge of the sufficiency of the transcript, and that the court found that issue against the appellee and certified that "the annexed and foregoing shorthand report of testimony and evidence, duly certified by the said official stenographer, is a true and correct report of certain of the proceedings occurring on the trial of said cause, and contains all of the proceedings thereon relative to the withdrawing from the jury of a certain counterclaim set up by the defendant in his pleadings and of all of the evidence offered by the defendant relative to said counterclaim and all of the rulings of the court upon the same," and the certificate being otherwise satisfactory in the absence of suggestions for corrections or

additions, we think the motion to strike the bill of exceptions should be overruled, and it is so ordered.

PARKER, C. J., and WATSON, J., concur.